UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BEVERLY BIGGS-LEAVY,

    Plaintiff,

v.

LADEL LEWIS,

    Defendant.

_____/

Case No. 23-cv-12123

Hon. Sean F. Cox
United States District Court Judge

## OPINION & ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY FEES (ECF No. 20)

Plaintiff Beverly Biggs-Leavy and lawyers from the Lento Law Firm ("Lento") filed this civil suit against Defendant Ladell Lewis. Plaintiff alleged that Defendant removed her from a city council meeting in violation of her First Amendment rights and Michigan law while Defendant was a city councilwoman in Flint, Michigan. The Court dismissed Plaintiff's action, and Defendant now moves the Court to hold Plaintiff and Lento jointly and severally liable for her attorneys' fees. Because Defendant fails to show that Plaintiff's action was frivolous, the Court denies Defendant's motion.

### BACKGROUND

Lento attorneys have represented Plaintiff in this case since they filed the complaint on her behalf on August 17, 2023. (ECF No. 1). The Complaint sought damages from Defendant under 18 U.S.C. § 1983 in her individual and official capacities. Specifically, the Complaint alleged that Defendant violated Plaintiff's First Amendment rights of access (Count I.A) and free speech (Count I.B) and engaged in unlawful First Amendment retaliation (Count II). The Complaint additionally asserted a claim under Michigan's Open Meetings Act (Count III).

1

On Defendant's motion to dismiss, the Court held that Defendant was entitled to absolute legislative immunity from Plaintiff's individual-capacity § 1983 claims and that Plaintiff had failed to state cognizable § 1983 claims against Defendant in her official capacity. (ECF No. 18). The Court dismissed Plaintiff's § 1983 claims, declined supplemental jurisdiction over her state-law claim, and issued judgment for Defendant on March 15, 2024. (ECF No. 19).

In a motion filed on March 29, 2024, Defendant now moves the Court to hold Plaintiff and Lento jointly and severally liable for $53,471.00 in attorneys' fees. (ECF No. 20). In support of that motion, Defendant alleges that her (now deceased) political rival, Eric Mays, retained Lento to pursue baseless litigation against her to punish her for her political disagreements with Mays. Defendant contends that this case is the most recent in a line of frivolous cases that Lento has filed against it in bad faith. Defendant additionally states that Plaintiff is working directly for Lento as Lento's employee.

Defendant asks the Court to order Plaintiff to pay her attorneys' fees under 42 U.S.C. § 1988 and order Lento to do the same under this Court's inherent power to sanction conduct tantamount to bad faith. Defendant's motion has been fully briefed and the Court held oral argument on July 18, 2024. For the following reasons, the Court denies Defendant's motion for attorneys' fees.

## ANALYSIS

Defendant seeks her attorneys' fees from Plaintiff under 42 U.S.C. § 1988 and from Lento "under the court's 'inherent powers,' to assess attorney's fees against losing counsel upon a finding that the attorney 'willfully abuse[d] judicial processes' by conduct 'tantamount to bad faith.'" *Smith v. Detroit Federation of Teachers Local 231*, 827 F.2d 1370, 1375 (6th Cir. 1987) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764–67 (1980)). The Court denies both requests.

2

I.   **Whether Bad Faith is Sufficient or Whether Frivolousness is Necessary**

As a preliminary matter, Defendant argues that a showing of bad faith is sufficient to warrant an award of attorneys' fees against Plaintiff under § 1988 and against Lento under this Court's inherent powers. Defendant is misguided; a showing of frivolousness is necessary to grant the relief she seeks.

A.   **Attorneys' Fees from Plaintiff under § 1988**

With respect to Defendant's request for attorneys' fees from Plaintiff under § 1988, that statute permits the Court to, "in its discretion, . . . allow the prevailing party, other than the United States, a reasonable attorney's fee as part of his costs" in § 1983 actions. 42 U.S.C. § 1988(b). And "a prevailing *defendant* should only recover [attorneys' fees under § 1988] upon a finding . . . that 'the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.'" *Garner v. Cuyahoga Cnty. Juv. Ct.*, 554 F.3d 624, 636 (6th Cir. 2009) (quoting *Wayne v. Village of Sebring*, 36 F.3d 517, 530 (6th Cir. 1994)).

At oral argument, Defendant claimed that a finding of bad faith was sufficient to award attorneys' fees under § 1988. However, "plaintiffs' motives in filing [an] action by themselves [cannot] warrant a fee award" under § 1988. *Lowery v. Jefferson Cnty. Bd. of Educ.*, 586 F.3d 427, 439 (6th Cir. 2009). As such, Defendant is not entitled to her attorneys' fees from Plaintiff unless Plaintiff's action was frivolous.

B.   **Attorneys' Fees from Lento under this Court's Inherent Power**

Defendant also seeks attorneys' fees from Lento under this Court's inherent power to sanction conduct tantamount to bad faith. The Sixth Circuit explained in *Big Yank Corp. v. Liberty Mutual Fire Insurance Co.* that this sanction is only permissible if the Court "make[s] actual findings of fact that demonstrate that the [non-movant's] claims were meritless, that counsel [for the non-movant] knew or should have known that the claims were meritless, *and* that the [non-movant's] claims were pursued for an improper purpose." 125 F.3d 308, 314 (6th Cir. 1997).

At oral argument, Defendant also claimed that a finding of bad faith was sufficient to award attorneys' fees under this Court's inherent powers. However, the Sixth Circuit explained that the *Big Yank* standard "clearly contemplates a situation in which a plaintiff has filed a frivolous lawsuit." *See Williamson v. Recovery Ltd. P'ship*, 826 F.3d 297, 302 (6th Cir. 2016). Thus, Defendant is also not entitled to her attorneys' fees from Lento unless Plaintiff's action was frivolous.

## II.  Whether Plaintiff's Action Was Frivolous

Defendant alleges that Plaintiff and Lento litigated this case in bad faith. Even taking this allegation as true, it is insufficient to award Defendant her attorneys' fees unless Plaintiff's action was frivolous. Defendant fails to show that Plaintiff's § 1983 claims were frivolous, and she does not address Plaintiff's state-law claim at all.[1]

Defendant argues that Plaintiff's individual-capacity § 1983 claims were frivolous because Defendant "indisputably had absolute legislative immunity." (ECF No. 20, PageID.614–15). Recall that the Court dismissed Plaintiff's individual-capacity § 1983 claims on this basis. However, Defendant cites no authority showing that Plaintiff's legislative-immunity defense was so clearly established that it rendered Plaintiff's individual-capacity § 1983 claims frivolous.

Defendant contends that Plaintiff's official-capacity § 1983 claims were frivolous as well, and points to the Court's opinion and order granting Defendant's motion to dismiss. But again, Defendant cites no authority showing that the legal principles discussed in that opinion and order were so clearly established that they rendered Plaintiff's official-capacity § 1983 claims frivolous.

---

[1] Because Defendant fails to address Plaintiff's state-law claim, the Court presumes that it was not frivolous. However, Defendant also fails to segregate the costs she incurred defending Plaintiff's non-frivolous state-law claim from the costs she incurred defending Plaintiff's (allegedly) frivolous § 1983 claims. Even if the Court agreed that Plaintiff's § 1983 claims were frivolous, Defendant's failure to segregate precludes an attorney-fee award under § 1988. *See Fox v. Vice*, 563 U.S. 826, 835 (2011) (holding that "a defendant may not obtain compensation for work unrelated to a frivolous claim" under § 1988).

Defendant also attached a copy of the Sixth Circuit's opinion in *Bowman v. City of Olmstead Falls*, 802 F. App'x 971 (6th Cir. 2020), to her motion. There, the Sixth Circuit upheld a district court's award of attorneys' fees to a prevailing defendant under § 1988 with respect to claims that were grounded in "[m]ere speculation and intuition" and "barred by collateral estoppel." *Id.* at 975. Here, as discussed above, Defendant fails to explain why Plaintiff's claims were merely speculative, and none of them were foreclosed by collateral estoppel.

In sum, Defendant fails to show that Plaintiff's action was frivolous and therefore Defendant is not entitled to her attorneys' fees from Plaintiff.

## CONCLUSION & ORDER

Because Defendant fails to show that Plaintiff's action was frivolous, she is not entitled to the relief that she seeks in her motion for attorneys' fees. Accordingly, **IT IS ORDERED** that Defendant's Motion for Attorneys' Fees (ECF No. 20) is **DENIED**.

**IT IS SO ORDERED**.

Dated: August 1, 2024                                s/Sean F. Cox
                                                     Sean F. Cox
                                                     United States District Judge